UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**WILFRED BLAIR, #37549-083,**

                **Petitioner,**

v.                                                **CIVIL ACTION NO. 2:18cv690**

**MARK BOLSTER,**
**Acting Warden,**

                **Respondent.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Wilfred Blair is a federal inmate presently incarcerated at Federal Correctional Complex (FCC) Petersburg. His petition under 28 U.S.C. § 2241 seeks restoration of 27 days of good conduct time (GCT) as a result of claimed violations of his due process rights during prison disciplinary proceedings. Because Blair has neither exhausted his administrative remedies nor plausibly alleged any violation of his right to due process, this report recommends the court dismiss his petition.

### I. Statement of the Case

Blair is presently serving a term of imprisonment following his conviction for conspiracy to distribute and possess with intent to distribute controlled substances. He is scheduled for release April 15, 2023, and the disciplinary proceedings underlying this action arose when Blair was housed at FCC Petersburg in the Eastern District of Virginia.

Respondent Mark Bolster (Respondent) filed a Motion to Dismiss and Rule 5 Answer, along with the notice to pro se parties required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Respondent argues that Blair's petition should be dismissed as moot as the due process

1

violation he alleges – failure to receive a copy of the DHO findings imposing discipline – has now been remedied. The motion also contends that the court should dismiss the petition for failing to exhaust administrative remedies, and finally that Blair has not stated a plausible claim that the Bureau of Prisons (BOP) violated his due process rights in administering the disciplinary proceedings, despite his delayed receipt of the DHO findings.

Because Blair has not exhausted his administrative remedies, nor alleged "exceptional circumstances sufficient to excuse his failure," Timms v. Johns, 627 F.3d 525, 533 (4th Cir. 2010), this report recommends the court dismiss the petition without prejudice for failure to exhaust.

A.  **Overview of the BOP Inmate Disciplinary Process**

The BOP has administrative and rulemaking authority over federal prisons pursuant to Congressional delegation. See 18 U.S.C. § 4001 et. seq. Among the BOP's statutory duties is to "provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States." Id. § 4042(a)(3). The BOP's Inmate Discipline Program and its associated administrative appeal process are set out in the Code of Federal Regulations. See 28 C.F.R. §§ 541.1, 542.10.

When BOP staff have a reasonable belief that an inmate has violated the BOP disciplinary code, they prepare an incident report and provide a copy to the inmate, usually within 24 hours of the incident. The incident report contains a written description of the charges against the inmate. 28 C.F.R. § 541.5(a). A staff member then investigates the incident and forwards all relevant information to the Unit Disciplinary Committee (UDC) for an initial hearing. Id. § 541.5(b).

The UDC reviews any evidence presented at the hearing either by prison staff or the inmate. The UDC can (1) find that the inmate committed the prohibited act as charged or a similar act if reflected in the incident report; (2) find that the inmate did not commit the prohibited act as

charged; or (3) refer the incident report to the Discipline Hearing Officer based on the severity of the charged acts. Id. § 541.7.

If the UDC refers the incident report to the DHO, the inmate is advised of his or her rights and provided an opportunity to designate a staff representative for assistance at the hearing. Inmates may also provide the names of witnesses they wish to have called and proffer what testimony they expect the witnesses to provide. At the hearing, inmates are entitled to make statements and present documentary evidence on their own behalf. The DHO considers all the evidence presented and determines whether the inmate committed the charged prohibited act. Id. § 541.8.

The DHO then prepares a report of the proceedings. By regulation, the report need not be verbatim but must include: (1) whether the inmate was advised of his or her rights during the DHO process; (2) the evidence the DHO relied on; (3) the DHO's determination; (4) the sanction imposed; and (5) the reasons for the sanction imposed. Id. § 541.8(h). Inmates are also advised of their right to appeal through the Administrative Remedy Program. Id. § 541.8(i).

The CFR does not specify a time limit for delivery of the DHO report to the inmate. It only says that inmates will receive a copy "following the hearing." Id. § 541.8(h). The associated implementing instructions in the Program Statement for the Inmate Discipline Program say that the DHO provides the inmate a copy "ordinarily within 15 work days of the decision." Federal Bureau of Prisons, Inmate Discipline Program: Program Statement, Policy No. 5270.09, at 34 (eff. Aug. 1, 2011).

Administrative appeals from DHO decisions bypass the institutional level and are submitted to the Regional Director. 28 C.F.R. § 542.14(d)(2). The time allowed for submitting such an appeal is "20 calendar days following the date on which the basis for the Request

3

occurred," but this may be extended for a "valid reason." Id. § 542.14(a). An inmate may then appeal the Regional Office decision to the General Counsel (Central Office) within "30 calendar days of the date the Regional Director signed the response." Id. § 542.15(a). The General Counsel is the highest level of administrative appeal. Id.

**B.     Factual Background**

In this case, Blair was accused of soliciting a friend to post threatening Facebook messages directed towards his daughter, with whom he had been arguing. Pet. at 11 (ECF No. 1). Prison officials investigated the incident and forwarded the charges to the UDC for further action. Following a hearing, the UDC elevated the charges to the DHO. Decl. of Sylvia Harris, ¶¶ 7-8 (ECF No. 10-1). On October 12, 2018, Blair appeared before the DHO and waived his right to have a staff representative or call witnesses. He denied threatening his daughter, stating that the email he directed "was just some lyrics to a rap song I asked to have posted." Harris Decl. ¶ 9. In addition to Blair's testimony, the DHO also considered the incident report, copies of relevant emails, and a screenshot of the subject Facebook post. Id. ¶ 10, Attach. 4. The DHO found Blair had committed a prohibited act of threatening another with harm but dismissed other charges as not supported by the evidence. Id. at ¶ 10. The officer imposed a loss of 27 days GCT and prepared a written report outlining the evidence supporting the charge and the sanction imposed. The DHO report was signed and completed on October 12, 2018. Id. at ¶ 13, Attach. 4, Sec. IX.

The DHO report was not timely transmitted to Blair, but following his institution of this action, he was provided a copy on March 13, 2019. Blair was then notified of his right to appeal

within 20 days of receiving the DHO report. Id. at ¶ 14. Blair failed to timely perfect an appeal, instead pressing this action. Id. at ¶ 15.[1]

## II. Analysis

### A. Federal Prisoners Are Entitled to Limited Due Process Rights in Prison Disciplinary Proceedings

In his § 2241 petition, Blair alleges that he was deprived of 27 total days of earned good conduct time in violation of his Fifth Amendment right to due process. Because this deprivation would have the functional effect of extending Blair's time of imprisonment, it is a cognizable claim under § 2241. See Rodriguez v. Ratledge, 715 F. App'x 261, 266 (4th Cir. 2017) (unpublished per curiam opinion); see also Preiser v. Rodriguez, 411 U.S. 457, 500 (1973). A prisoner's good conduct time is a protected liberty interest under the Fifth Amendment. See Wolff v. McDonnell, 418 U.S. 539, 557 (1974). Prisoners are therefore entitled to "those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the . . . right is not arbitrarily abrogated." Id.

Nonetheless, because "[p]rison disciplinary proceedings are not part of a criminal prosecution . . ., the full panoply of rights due a defendant in such proceedings does not apply." Id. at 556. In the context of disciplinary proceedings, the Supreme Court has identified three distinct due process rights to which prisoners are entitled: (1) written notice of the charges at least 24 hours in advance of the hearing; (2) the opportunity to call witnesses and present evidence when not unduly hazardous to institutional safety or correctional goals; and (3) a written statement of the evidence relied on and the reasons for the disciplinary action taken. See id. at 564-66.

---

[1] Blair initially filed a motion to stay this action, pending the resolution of administrative proceedings, but he later withdrew his request to stay. He responded to the Government's motion, reiterating his request that GCT be restored solely on the basis of late delivery of the DHO report. (ECF Nos. 12, 15.)

Substantively, a disciplinary adjudication revoking good time credits comports with due process if "there was some evidence from which the conclusion of the administrative tribunal could be deduced." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985).

### B. Prisoners Must Ordinarily Exhaust Administrative Remedies Before Filing § 2241 Petitions

Ordinarily, federal prisoners must exhaust their administrative remedies prior to filing federal habeas petitions. McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (unpublished per curiam opinion); see also Timms v. Johns, 627 F.3d 525, 530-31 (4th Cir. 2010); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Administrative exhaustion serves two main purposes. First, it "protects 'administrative agency authority.'" Woodford v. Ngo, 548 U.S. 81, 89 (2006) (quoting McCarthy v. Madigan, 503 U.S. 140, 145 (1992)). Requiring exhaustion ensures that agencies have an opportunity to correct mistakes in their own programs and promotes adherence to agency procedure. See id. Second, because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court," exhaustion preserves judicial efficiency. Id.

Blair has made no attempt to exhaust, or even initiate, the BOP administrative remedy procedures. His petition, filed before he received a copy of the DHO report, simply stated that the process was futile because "the BOP will not accept appeal without a copy of the written statement by the fact finder." Pet. 9. But, in this case, even after he received the DHO report and direction to file any appeal within 20 days, Blair did not file an administrative remedy request. Any attempt to do so now would be untimely under the regulations. Although BOP officials may excuse untimely filings if the appealing prisoner demonstrates good reason for the delay, Blair has not alleged that anything prevented him from filing a timely administrative appeal after receiving the DHO report.

Accordingly, this Report finds that Blair has failed to exhaust his administrative remedies and has not identified exceptional circumstances which would excuse his failure. Accordingly, the court should refrain from exercising jurisdiction and dismiss the petition.[2]

### III. Conclusion

For the foregoing reasons, this report recommends the court GRANT Respondent's Motion to Dismiss, (ECF No. 9), and DISMISS Blair's Petition without prejudice as a result of his failure to exhaust administrative remedies.

### IV. Review Procedure

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.   Any party may serve upon the other party and file with the clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an

---

[2] Blair's claim would also likely fail on its merits because he received all the process to which he was entitled. His petition stated only that he had not received a copy of the DHO report at the time of filing. He has since received a copy, which sets out the reasoning and underlying facts of the decisions revoking his good conduct time credits. Harris Decl., Attach. 4. As such, all three due process requirements have been satisfied. Courts in this circuit and beyond have consistently rejected due process challenges based on delayed receipt of a DHO report. See, e.g., Shahan v. Ormond, No. 3:18-cv-200, 2018 WL 6681210, at *8 (E.D. Va. Dec. 19, 2018), aff'd per curiam, 778 F. App'x 217 (4th Cir. 2019); see also Pinson v. Berkebile, 528 F. App'x 822, 826-27 (10th Cir. 2013) (finding no prejudice to prisoner challenging disciplinary proceeding from multi-year delay in delivery of DHO report); Consolidation Coal Co. v. Borda, 171 F.3d 175, 183 (4th Cir. 1999) ("It is not the mere fact of the government's delay that violates due process, but rather the prejudice resulting from such delay."). As noted above, Blair was free to file his administrative appeal once he received copies of the DHO reports. Blair has therefore not demonstrated prejudice from his delayed receipt of the report sufficient to violate his limited right to due process in the disciplinary proceedings.

7

extra three (3) days if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

November 7, 2019

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to:

**Wilfred Blair**
37549-083
Petersburg 1000
Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 1000
Petersburg, VA 23804

and an electronic copy was provided to:

**Kent Pendleton Porter**
United States Attorney Office
101 W Main St
Suite 8000
Norfolk, VA 23510

Fernando Galindo, Clerk

By _____
Deputy Clerk

November 7, 2019